Anna Y. Park, SBN 164242
Sue J. Noh, SBN 192134
Nakkisa Akhavan, SBN 286260
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>THE GUIDANCE CHARTER SCHOOL, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT—CIVIL RIGHTS/EMPLOYMENT DISCRIMINATION** |

## NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963 to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, and under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Charging Party Deserae Rodriguez ("Charging Party" or "Rodriguez") as a result of such unlawful practices.

As set forth with greater particularity in paragraphs 15 to 43 of this Complaint, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") alleges that Defendant The Guidance Charter School ("Defendant" or "Guidance Charter School") discriminated against Rodriguez, a female former employee, by paying her at a lower hourly rate than male employees who held the same position, in violation of Sections 206(d) and 215(a) of the EPA, 29 U.S.C. § 206(d) and 215(a) and Section 203(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d), and pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"). This action is also authorized and instituted pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Central District of California.

## PARTIES

3. Plaintiff is an agency of the United States of America charged with the administration, interpretation and enforcement of the Equal Pay Act and Title VII and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of the Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 980532 (1984), 98 Stat. 2705, and by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant Guidance Charter School has continuously been a California nonprofit organization doing business in the State of California and the City of Palmdale, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Guidance Charter School has continuously been

an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

6. At all relevant times, Defendant Guidance Charter School has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. At all relevant times, Defendant Guidance Charter School has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprise has continuously been engaged in the operation of an elementary and/or secondary school.

8. All acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

9. Plaintiff is ignorant of the true names and capacities of each defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendants by fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or corporately as it becomes known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## STATEMENT OF CLAIMS

10. More than thirty days prior to the institution of this lawsuit, Charging Party Rodriguez filed a charge of discrimination with the Commission alleging violations of Title VII and the EPA by Defendant.

11. The Commission conducted an investigation into Rodriguez's charge that included, but was not limited to, seeking documents and interviewing witnesses.

12. On July 25, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the EPA and Title VII were violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

13. On August 25, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## Statement of Title VII Claims

15. Since at least October 13, 2015, Defendant has engaged in unlawful employment practices at its charter school in Palmdale, California, in violation of Section 703(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1). The unlawful employment practices include Defendant Guidance Charter School's failure to pay Charging Party Rodriguez a wage equal to a male employee because of her sex (female).

16. Rodriguez was hired by Defendant on or about September 10, 2015 as a part-time Math Tutor. Rodriguez's pay was set at eleven dollars ($11.00) per hour. Rodriguez's first day of employment was October 13, 2015.

17. Prior to her employment with Defendant, Rodriguez had previously tutored and taught grade school age children music, singing, art, and language arts for at least two years.

18. On or about September 22, 2015, Defendant also hired a male part-time Math Tutor, Edgar Rivas. Rivas's pay was set at twelve dollars ($12.00) per hour. Rivas's first day of employment was October 12, 2015.

19. Both Rodriguez and Rivas were hired by the Executive Director of Defendant, Kamal Al-Khatib ("Al-Khatib"). Executive Director Al-Khatib was the ultimate decision-maker regarding both Rodriguez's and Rivas's hiring and pay.

20. Rodriguez and Rivas performed the same job that required equal skill, effort, and responsibility.

21. The math tutor job entailed being assigned to specific math classrooms, assisting the teachers during class, assisting with lesson preparation, and meeting one-on-one with students who need help. Rodriguez and Rivas interchangeably tutored in pre-algebra, algebra, geometry, algebra II, trigonometry, and pre-calculus classes at both the middle school (grades 7-8) and high school (grades 9-12) levels.

22. Assignments of math tutors to classrooms was based on the schedules of the tutors. At the start of their employment, Rivas and Rodriguez each provided their schedules to Defendant. Defendant's classes are on a block schedule with "A" days and "B" days. On any given day, the classroom Rivas and Rodriguez would tutor in would depend on which math class periods occurred during their scheduled times working. Depending on how their schedules did or did not overlap, Rodriguez and Rivas sometimes tutored together in the same classes at the same time, sometimes they tutored separately but concurrently, and sometimes they were scheduled to work when the other was not.

23. In or around November 2015, Rodriguez learned she was making one dollar per hour less than Rivas. Upon learning about the discrepancy, Rodriguez contacted Defendant's Vice Principal, John Hill ("Hill"), to ask why she was being paid less and to request that she be paid equally. Vice Principal Hill was not aware that she was being paid less and told Rodriguez that he would speak with Executive Director Executive Director Al-Khatib.

24. Approximately two weeks later, Rodriguez checked in with Vice Principal Hill about the pay discrepancy. Vice Principal Hill told her that Executive Director Al-Khatib said that everyone would be receiving raises in the next school year and not to worry.

25. On or about February 25, 2016, Rodriguez formally complained, in writing, that she was paid less than her male coworker. She provided copies of her written complaint, dated February 23, 2016 to Vice Principal Hill and Executive Director Al-Khatib by placing copies of the letter on each of their desks.

26. Rodriguez's letter stated, "I, Deserae Rodriguez, have made a timeline for my reference regarding equal pay." Rodriguez's letter continued, "On January 28, 2016 I spoke to Mr. Hill about being paid equal to my colleague. He then told me he would speak to Mr. Al-Khatib, the executive director. We would then go from there." Rodriguez's letter continued further, "On February 22, 2016 I spoke to Mr. Hill by asking if he had spoken to Mr. Al-Khatib. He told me he did. Mr. Al-Khatib's response was he could not pay me the amount I asked for but to not worry everyone would be getting a raise in the fall."

27. Rodriguez provided her qualifications in the letter, stating, "I believe I should be paid equally if not slightly more than my colleague because of my experience in the classroom. I have worked on my own with children on-on-one and in a large classroom setting for four years. I have an Associates degree in Liberal Arts and am well aware my colleague has less than I do in the area of experience and education. I do not understand why I would not receive equal pay if I were highly qualified to do the duties at hand."

28. Rodriguez's letter then requested a response, stating, "I would appreciate a justification as to why I am not equally valued, if not more, because of my experience and education. I would like a response to my inquiry in writing." Rodriguez did not receive a written response to her inquiry.

29. On March 9, 2016, Rodriguez met with Executive Director Al-Khatib and Vice Principal Hill. Executive Director Al-Khatib told Ms. Rivas that she should not discuss her pay with anyone and told her she could either accept her pay rate or find another job if she was not happy.

30. Defendant did not correct Rodriguez's pay to provide her with equal pay for equal work.

31. Rodriguez was invited to return for the next school year, academic year 2016-2017. Rodriguez accepted the invitation to return and continued her position of math tutor in August 2016.

32. Rodriguez received a raise of fifty-five ($0.55) cents for academic year 2016-2017 and earned $11.55 per hour from August 2016 through her resignation in December 2016.

33. Rodriguez's new pay rate for the 2016-2017 academic year of $11.55 per hour was still less than Rivas's $12.00 per hour pay rate for the previous academic year 2015-2016.

34. Rodriguez resigned her position effective December 14, 2016.

35. Rivas was also invited to return for the next school year, academic year 2016-2017 and accepted the invitation to return.

36. The effect of the practices complained of in paragraphs 15-35 above has been to deprive Rodriguez of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female.

37. The unlawful employment practices complained of above were intentional.

38. As a direct and proximate result of the aforesaid acts of Defendant, Rodriguez suffered a loss of earnings.

39. As a direct and proximate result of the aforesaid acts of Defendant, Rodriguez has suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation.

40. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Rodriguez.

<u>Statement of Equal Pay Act Claims</u>

41. Since at least October 13, 2015, Defendant has engaged in unlawful employment practices at their Palmdale school, in violation of sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2) by paying wages to Rodriguez at rates less than the rate paid to the male counterpart in the same establishment for substantially equal work on jobs the performance of which required equal skill, effort, and responsibility, and which are performed under similar working conditions.

42. As a result of the same acts complained of above in paragraphs 15-40, Defendant unlawfully withheld payment of wages due to Rodriguez. Defendant is unable to establish the specific defenses under the EPA to justify the disparity between Rodriguez and her male counterpart, Rivas.

43. The unlawful practices complained of in paragraphs 15-40 above were willful.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in any employment practices which includes the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of past and present unlawful employment practices.

C. Order Defendant to make whole Charging Party Deserae Rodriguez by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement or front pay.

D. Grant a judgment requiring Defendant to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest, pursuant to the EPA, to employees whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to Deserae Rodriguez.

E. Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial and prejudgment interest, pursuant to Title VII, to employees whose wages are being unlawfully withheld as a result of the acts complained of above including, but not limited to, Deserae Rodriguez.

F. Order Defendant to make whole Deserae Rodriguez by providing compensation for past and future pecuniary losses, pursuant to Title VII, resulting from the unlawful practices described above, in amounts to be determined a trial.

G. Order Defendant to make whole Deserae Rodriguez by providing compensation for past and future non-pecuniary losses, pursuant to Title VII, result from the unlawful practices complained of in paragraphs 15-43 above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

1        H.      Order Defendant to pay Deserae Rodriguez punitive damages, pursuant to Title VII, for its malicious or reckless conduct as described above, in amounts to be determined at trial.

       I.      Grant such further relief as the Court deems necessary and proper in the public interest.

       J.      Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: March 19, 2018            Respectfully Submitted

JAMES LEE,
Acting General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 "M" Street, N.E.
Washington, D.C. 20507

By: _____
ANNA Y. PARK,
Regional Attorney

SUE J. NOH,
Supervisory Trial Attorney

NAKKISA AKHAVAN,
Senior Trial Attorney

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION