Anna Y. Park, SBN 164242
Sue J. Noh, SBN 192134
RumduolVuong, SBN 264392
NakkisaAkhavan, SBN 286260
Jennifer L. Boulton, SBN 259076
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-mail: jennifer.boulton@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

JS-6

**FILED**
**CLERK, U.S. DISTRICT COURT**

FEB 27, 2019

**CENTRAL DISTRICT OF CALIFORNIA**
BY: \_\_\_\_BH\_\_\_\_ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>THE GUIDANCE CHARTER SCHOOL, and Does 1-10, Inclusive,<br><br>Defendant(s). | Case No.: 2:18-CV-02323-VAP-FFM<br><br>**CONSENT DECREE AND [PROPOSED] ORDER** |

- 1-

# I.
# INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission"), and Defendant The Guidance Charter School ("Defendant" or "Guidance"), hereby stipulate and agree to entry of this Consent Decree to resolve the Commission's lawsuit against Guidance in <u>U.S. Equal Employment Opportunity Commission v. The Guidance Charter School</u>, Case No. 2:18-CV-02323-VAP-FFM (the "Action") filed under the Equal Pay Act of 1963 ("EPA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and Title I of the Civil Rights Act of 1991.The EEOC and Guidance are referred to collectively as the "Parties."The Action alleges Defendant willfully paid female Charging Party Deserae Rodriguez ("Charging Party" or "Rodriguez") less than her male comparator for equal work in violation of the EPA and Title VII.

# II.
# PURPOSES AND SCOPE OF THE CONSENT DECREE

A. The Parties agree that this Action should be fully and completely resolved by entry of this Consent Decree ("Decree"). This Decree shall be binding on and enforceable against Guidance and its parents, subsidiaries, officers, directors, agents, successors, and assigns.

B. The Parties have entered into this Decree for the following purposes:

    1. To provide monetary and injunctive relief;

    2. To ensure that Guidance's employment practices comply with federal law;

    3. To ensure a work environment free from discrimination, especially as it relates to equal pay and sex discrimination;

    4. To ensure Guidance's managers and employees are trained on the pertinent laws regarding equal pay and sex discrimination;

    5. To ensure an appropriate and effective mechanism are in place for handling complaints of sex discrimination and equal pay violations; and

    6. To avoid litigation costs.

C. Guidance denies all wrong doing and liability for any and all claims asserted in this Action.

The Decree shall not constitute an admission by Guidance of violation of any law. Guidance is committed to compliance with the terms of the Decree as entered by the Court.

## III.

## RELEASE OF CLAIMS

A. This Decree serves to fully and completely resolve all issues, claims, and allegations raised by the EEOC against Defendant in this Action.

B. Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any party hereto fails to perform the promises and representations contained herein.

C. Nothing in this Decree shall be construed to limit or reduce any obligations to comply fully with the EPA, Title VII, or any other federal employment statute.

D. This Decree in no way affects the EEOC's right to bring, process, investigate, or litigate other charges that may be in existence or may later arise against any party in accordance with standard EEOC procedures.

## IV.

## JURISDICTION

A. The Court has jurisdiction over the Parties and the subject matter of this lawsuit. The Complaint asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.

B. The terms and provisions of this Decree are fair, reasonable, and just.

C. This Decree conforms to the Federal Rules of Civil Procedure and any other federal statute(s), and is not in derogation of the rights or privileges of any person.

D. The Court shall retain jurisdiction of this Action during the duration of the Decree for the purposes of entering any order, judgment, or decree that may be necessary to implement the relief provided herein.

## V.

## EFFECTIVE DATE, OPERATIVE DATE, AND DURATION OF DECREE

A. Except as otherwise provided herein, the provisions and agreements contained herein are

effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

B.   The "Operational Date" is the date Defendant commences student instruction as an elementary or secondary school with no less than 15 employees.  Thirty (30) days prior to the Operational Date, Defendants shall notify the EEOC of the date it will commence operations of an elementary or secondary school.

C.   Except as otherwise provided herein, this Decree shall remain in effect for two (2) years after the Effective Date.  This Consent Decree shall expire by its own terms at the end of two (2) years without further action by the parties.

## VI.
## MODIFICATION AND SEVERABILITY

A.   This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.   If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C.   By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

## VII.
## COMPLIANCE AND DISPUTE RESOLUTION

A.   The Parties agree that if the EEOC has reason to believe that Guidance has failed to comply with any provision of this Decree, the EEOC may bring an action before this Court to enforce the Decree.  Prior to initiating such action, the EEOC will notify Guidance and its legal counsel of record, in writing, of the nature of the dispute.  Guidance shall have twenty-one (21)

business days to attempt to resolve or cure the breach. The Parties may agree to extend this period upon mutual consent.

B. After thirty (30) business days have passed, inclusive of the twenty-one business (21) days to resolve or cure the breach referenced in Section VII.A, from the written notice with no resolution or agreement to extend the time, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree for such period of time as Guidance is shown to be in breach of the Decree, the EEOC's costs and attorneys' fees incurred in securing compliance with the Decree, and/or any other relief that the Court may deem appropriate.

## VIII.
## MONETARY AND CLAIMANT SPECIFIC RELIEF

A. Monetary Relief

    1. In settlement of this lawsuit, Guidance shall pay Charging Party Deserae Rodriguez a total of $8,000 (eight thousand dollars) in monetary relief to resolve this Action (the "Settlement Amount"), and resolves all claims asserted on behalf of Rodriguez.

    2. The EEOC has designated that Defendant's payment to Charging Party Deserae Rodriguez will be non-wage compensation; thus, no tax withholdings shall be made. Defendant shall prepare and distribute a 1099 tax reporting form to Rodriguez, if required by law, and shall make any appropriate reports to the Internal Revenue Service and other tax authorities. The 1099 shall be prepared and issued at the time the check is distributed to the Charging Party. To the extent the check needs to be reissued, the EEOC will notify Guidance.

    3. Within ten (10) business days of the Effective Date, Guidance shall forward, via Certified U.S. Mail or Overnight Mail, the Settlement Amount to Rodriguez. Within ten (10) business days of the issuance of the Settlement Amount, Guidance shall submit a copy of the check and related correspondence to the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

    4. As part of this settlement, the EEOC will secure from Rodriguez a release and

waiver of claims against Guidance, including all claims pertaining to this litigation and the charge of discrimination which gave rise to the EEOC's lawsuit. A copy of the release and waiver of all claims is attached as Attachment "A". After receiving confirmation from Rodriguez that she has received the amounts specified in Paragraph 1 above, the EEOC shall promptly transmit the executed Attachment A Release and Waiver forms to counsel for Guidance.

B.     <u>Claimant Specific Relief</u>

Guidance shall provide a positive letter of reference for Charging Party, which shall be submitted to the EEOC for its approval within thirty (30) days of the Effective Date. Additionally, Guidance will provide verification of Charging Party's employment to any prospective employer. Such verification shall be limited to Charging Party's name, job title, employment classification (*e.g.* full or part-time), date of hire, and last date of employment.

## IX.
## GENERAL INJUNCTIVE RELIEF

A.     <u>Non-Discrimination</u>

1.     Guidance, its directors, officers, agents, management, successors, assigns, and all those acting in concert or participation with them, or any of them, are hereby enjoined from:

    a.     Discriminating against any employee in violation of Title VII on the basis of sex, including, but not limited to, engaging in any unfair wage practices and/or paying any individual less for equal work on the basis of sex;

    b.     Engaging in or being a party to any action, policy, or practice that is intended or known to have the effect of discriminating against any employee in violation of Title VII on the basis of sex, including, but not limited to, engaging in any unfair wage practices and/or paying any individual less for equal work on the basis of sex;

    c.     Discriminating against any employee in violation of the EPA on the basis of sex, including, but not limited to, engaging in any unfair wage practices and/or paying any individual less for equal work on the basis of sex; or

    d.     Engaging in or being a party to any action, policy, or practice that is intended or known to have the effect of discriminating against any employee in violation of the

EPA on the basis of sex, including, but not limited to, engaging in any unfair wage practices and/or paying any individual less for equal work on the basis of sex.

B. <u>Non-Retaliation</u>

    1. Guidance, its directors, officers, agents, management, successors, assigns, and all those acting in concert or participation with them, or any of them, are hereby enjoined from:

        a. Retaliating against any employee for complaining of sex discrimination;

        b. Retaliating against any employee for complaining of unfair wage practices and/or unequal pay for equal work;

        c. Engaging in, implementing, or permitting any action, policy, or practice that recommends, insists upon, and/or requires pay secrecy, particularly following any complaint of pay disrimination on the basis of sex, including, but not limited to any complaint of unfair wage practices and/or unequal pay for equal work; or

        d. Engaging in, implementing, or permitting any action, policy, or practice that constitutes retaliation in violation of the EPA or Title VII against any current or former employee or applicant because he or she has in the past or during the term of this Decree:

            i. opposed any practice that he or she believes to be discriminatory or retaliatory in violation of Title VII or the EPA;

            ii. filed a charge of discrimination alleging such practice;

            iii. testified or participated in any manner in any investigation (including without limitation, any internal investigation undertaken by Guidance), proceeding in connection with this case and/or relating to any claim of a Title VII or EPA violation;

            iv. been identified as a possible witness or claimant in this Action;

            v. asserted any rights under this Decree; or

            vi. sought and/or received any relief in accordance with this Decree.

C. <u>Training</u>

Within ninety (90) days of the Operational Date and once annually during the Decree term:

    1. Every executive, managerial, and supervisory employee shall be required to

attend a live Management Training regarding equal pay practices, sex discrimination, and retaliation. The Management training shall be conducted annually and last for a duration of at least two hours throughout the term of this Decree.

2. Any management employee who fails to attend any scheduled Management Training shall be trained within thirty (30) days of the live Management Training.

3. The Management Training shall include training on how to properly set salaries, commissions, and any other components of an employee's compensation package in compliance with Title VII and the EPA. The Management Training shall further include how to properly handle, investigate, and respond to complaints of discrimination, unfair wage practices, and retaliation in a fair and neutral manner; how to take preventive and corrective measures against discrimination, unfair pay practices, and retaliation; and how to recognize sex discrimination, unfair pay practices, and retaliation.

4. Any employee required to attend any training under this Decree shall verify in writing his or her attendance at each training.

5. Within sixty (60) days after the Operational Date, Defendant shall submit to the EEOC a description of the trainings to be provided and an outline of the curriculum developed for the trainees. Upon receipt, the EEOC may provide comment within thirty (30) days regarding any necessary revisions to the training.

D. <u>Policies and Procedures</u>

The following provisions related to Policies and Procedures will go into effect as of the Operational Date, except as otherwise provided herein:

1. <u>Revision of Policies</u>

a. Within sixty (60) days of the Operational Date, Defendant shall review and, if necessary, revise its policies and procedures on sex discrimination, equal pay, and retaliation.

2. <u>The revised policy shall include:</u>

a. A clear explanation of employee's rights and responsibilities under Title VII and the EPA as it relates to sex discrimination and equal pay;

    b.  A clear explanation of the employer's responsibilities and obligations under Title VII and the EPA as it relates to sex discrimination and equal pay;

    c.  A clear explanation of Defendant's complaint procedures as they pertain to Title VII and EPA complaints;

    d.  A clear explanation of the duties of supervisory, human resources, and other management personnel in ensuring equal pay; and

    e.  A clear explanation of Defendant's non-retaliation commitment.

  3.  <u>Distribution of Policy</u>

    a.  Within sixty (60) days of the Operational Date Defendant shall provide to the EEOC a copy of all current and revised anti-discrimination, equal pay, and anti-retaliation policies;

    b.  Within seventy-five (75) days of the Operational Date and on an annual basis thereafter, Defendant shall ensure that it has distributed or made available all policies to all employees, including management employees, in a language they understand;

    c.  Within ninety (90) days of the Operational Date Defendant shall submit to the EEOC a statement confirming distribution of the policies;

    d.  Within five (5) days of the date of hire, for the remainder of the term of this Decree, every new employee, including non-managerial, managerial, and supervisory employee shall receive Defendant's policies and procedures on discrimination, equal pay, and retaliation, including the internal complaint procedures.

    e.  On an annual basis through the term of the Decree, Defendant shall submit to the EEOC a statement confirming the distribution of the Policy to any person hired after the initial distribution but within the term of the Decree.

  4.  <u>Posting of Policy</u>

    a.  Within sixty (60) days of the Operational Date and throughout the duration of the Decree, Defendant shall ensure that it has physically posted the Policy in legible font, in a conspicuous place at all Defendant's facilities, and in an area accessible to all employees.

b. Within ninety (90) days of the Operational Date, Defendant shall submit to the EEOC a statement confirming the posting of the Policy.

c. Defendant shall annually affirm to the EEOC that the Policy has been posted in the manner described above.

## X.

## RECORD KEEPING AND REPORTING

The following provisions related to Record Keeping and Reporting will go into effect as of the Effective Date, or the Operational Date, whichever is later, except as otherwise provided herein:

A. <u>Document Preservation</u>

Defendant shall establish a record-keeping procedure that provides for centralized tracking of policy dissemination, compensation structures for all employees, and all complaints of discrimination, unequal pay, or retaliation. The records to be maintained shall include:

1. all applicable documents generated in connection with compensation of employees including, but not limited to, initial compensation offers, records of negotiations, requests for pay increases, records reflecting promotions and/or pay increases, and/or complaints of unequal compensation;

2. all forms acknowledging employees' receipt of Defendant's revised anti-discrimination, equal pay, and anti-retaliation policies;

3. all documents verifying the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree;

4. all documents generated in connection with the monitoring, counseling, and disciplining of employees who Defendant determined to have engaged in behavior that may be discriminatory or retaliatory under Title VII or the EPA; and

5. all applicant data that pertains to compensation.

B. <u>Reports</u>

Within ninety (90) days after the Operational Date, and on an annual basis thereafter, Defendant shall submit the following reports to the EEOC throughout the term of the Decree:

1. A copy of any anti-discrimination, anti-harassment, and anti-retaliation policies, including any complaint procedures, in effect as of the time of the report;

2. A list with a unique identifier for each employee, date of hire, job title or job classification, rate of pay, and gender including any procedures created to rectify unequal pay, if any, as of the time of the report or since the last report;

3. A summary of any procedures and record-keeping methods for centralized tracking of compensation and complaints in effect at the time of the report;

4. A statement confirming that the required Notice pertaining to this Decree and the final revised anti-discrimination, anti-harassment, and anti-retaliation policy have been posted and continue to be posted in a conspicuous place accessible to all employees as of the time of the report;

5. A statement confirming the specific training completed as of the time of the report or since the last report;

6. An attendance list for all training sessions required under this Decree that took place as of the time of the report or since the last report; and

7. A report detailing any planned changes to the policies, procedures, or record-keeping methods, at least thirty (30) days prior to implementing such changes.

## XI.

## COSTS OF ADMINISTRATION AND IMPLEMENTATIONOF CONSENT DECREE

Defendant shall bear all costs associated with its own administration and implementation of its obligations under this Consent Decree.

## XII.

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XIII.

## MISCELLANEOUS PROVISIONS

A. During the term of this Consent Decree, Guidance shall provide any potential successor-in-interest with a copy of this Consent Decree within a reasonable time of not less than thirty

(30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Guidance's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B.  During the term of this Consent Decree, Guidance and its successors shall assure that each of its directors, officers, human resources personnel, managers, and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

C.  Unless otherwise stated, all notices, reports, and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA 90012.

D.  The Parties agree to entry of this Decree and judgment subject to final approval by the Court.

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Date:   February 19, 2019         /s/   Anna Y. Park
                                  Anna Y. Park, Regional Attorney
                                  Attorney for Plaintiff EEOC

Date:   February 19, 2019         THE GUIDANCE CHARTER SCHOOL

                                   /s/  Kamal Al-Khatib
                                  Kamal Al-Khatib, CEO


                                  WALSH & ASSOCIATES, APC

Date:   February 19, 2019          /s/ George Ordonez
                                  George Ordonez
                                  Attorneys for Defendant
                                  The Guidance Charter School

| | |
|---|---|
| 1 | **ORDER** |
| 2 | **GOOD CAUSE APPEARING:** |
| 3 | The Court hereby retains jurisdiction and the provisions of the foregoing Consent Decree |
| 4 | are hereby approved and compliance with all provisions thereof is fair, reasonable, and just. |
| 6 | **IT IS SO ORDERED.** |

_____
Virginia A. Phillips,
Chief United States District Judge

DATED this 27th day of February, 2019.